UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES NAUHN SR., DEHYETTI NAUHN, JAMES S. NAUHN JR., DORCAS NAUHN, EDWIN NAUHN, and BEINDU NAUHN,<br><br>                    Plaintiffs,<br>          -v-<br><br>THE CITY OF NEW YORK, New York City Police Department Officer ("P.O.") DANIEL EDENFIELD, (Shield No. 5131), JOHN DOE as personal representative of the Estate of P.O. BRIAN MORE (Shield No. 29359), P.O. JASON ROEMER (Shield No. 20412), Sergeant JOHN COLLINS, P.O. CHRISTOPHER D'ANTONIO (Shield No. 2670), P.O. MARVIN COLLINS (Shield No. 14807), P.O. ALWYN FOY (Shield No. 26713), P.O. JOSEPH GRUBERT (Shield No. 17450), P.O. WENDY SCARBOROUGH (Shield No. 26317), and P.O. JOHN DOES 1-2, in their individual capacities,<br><br>                    Defendants. | **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Index No. 15-CV-6057 (ENV) (PK) |

---

Plaintiffs, through their attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC as and for their complaint, do hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, with pendant claims under the laws of the State of New York.

2. Plaintiffs' rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis used unlawful force against them.

1

By reason of defendants' actions, including their unreasonable and unlawful seizure of plaintiffs' persons, they were deprived of their constitutional rights.

3. Plaintiffs seek an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiffs' claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

7. Consistent with the requirements of New York General Municipal Law § 50-e, James Nauhn Sr., Dehyetti Nauhn, James S. Nauhn Jr., Dorcas Nauhn, Edwin Nauhn (hereinafter "State Law Plaintiffs") filed timely Notice of Claims with the New York City Comptroller on or about November 14, 2014, within 90 days of the accrual of their claims under New York law. State Law Plaintiffs' claims were not adjusted by the New York City Comptroller's Office within the period prescribed by statute.

8. This Court has supplemental jurisdiction over plaintiffs' claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## PARTIES

9. Plaintiff James Nauhn Sr. was at all times relevant to this action a resident of the County of Queens in the State of New York.

10. Plaintiff Dehyetti Nauhn was at all times relevant to this action a resident of the County of Queens in the State of New York.

11. Plaintiff James S. Nauhn Jr. was at all times relevant to this action a resident of the County of Queens in the State of New York.

12. Plaintiff Dorcas Nauhn was at all times relevant to this action a resident of the County of Queens in the State of New York.

13. Plaintiff Edwin Nauhn was at all times relevant to this action a resident of the County of Queens in the State of New York.

14. Plaintiff Beindu Nauhn was at all times relevant to this action a resident of the County of Queens in the State of New York.

15. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

16. Defendants P.O. Daniel Edenfield (Shield No. 5131) ("Edenfield"), P.O. Brian More (Shield No. 29359) ("More"), P.O. Jason Roemer (Shield No. 20412) ("Roemer"), Sergeant John Collin ("Sergeant Collins"), P.O. Christopher D'Antonio (Shield No. 2670) ("D'Antonio"), P.O. Marvin Collins (Shield No. 14807) ("P.O. Collins"), P.O. Alwyn Foy (Shield No. 26713) ("Foy"), P.O. Joseph Grubert (Shield No. 17450) ("Grubert"), P.O. Wendy Scarborough (Shield No. 26317) ("Scarborough"), and P.O. JOHN DOES 1-2 are or were at

all times relevant herein, officers, employees and agents of the NYPD and will collectively be referred to as ("Individual Defendants.")

17. The individual defendants are being sued herein in their individual capacities.

18. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

19. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiffs' rights.

20. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

21. The true name and shield number of defendant P.O. John Does 1-2 is not currently known to the plaintiffs.[1]  However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true

---

[1]  By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

22. On September 2, 2014, the individual defendants used unlawful force against and arrested plaintiffs without probable cause inside their home at 118-40 218th Street in the County of Queens and the State of New York ("Home").

23. Plaintiffs were inside their Home in the early evening hours when loud noises were heard outside the door.

24. Edwin Nauhn opened the door to investigate and was sprayed with pepper spray as officers entered without a warrant or consent.

25. Beindu Nauhn and James Nauhn Sr. were also hit with pepper spray.

26. Additional officers entered the home.

27. The officers, including the individual defendants, were asked to leave.

28. Plaintiffs were grabbed and assaulted by officers of the NYPD.

29. Plaintiffs attempted to film the unlawful entry and assaults but officers forcibly grabbed their phones and threatened them with arrest.

30. Edwin Nauhn was handcuffed and brought outside without shoes or a shirt, in only his boxers.

31. James S. Nauhn Jr. was also handcuffed and taken outside with his shirt torn and no shoes.

32. Officers destroyed property inside the home.

33. Edwin Nauhn and James S. Nauhn Jr. were taken to the precinct where they were placed in a holding cell.

34. Despite obvious injury and requests for medical attention, Edwin Nauhn and James S. Nauhn Jr. waited hours before they were taken to a hospital still without shoes or shirts.

35. Edwin Nauhn and James S. Nauhn Jr. were brought before a judge the evening of September 3, 2014 and were released on their own recognizance. They spent under 24 hours in defendants' custody as a result of their arrests.

36. Edwin Nauhn and James S. Nauhn Jr. were both charged with Disorderly Conduct (P.L. § 240.20), Resisting Arrest (P.L. § 205.30), and Obstructing Governmental Administration in the Second Degree (P.L. § 195.05), sworn out by defendant P.O. Edenfield.

37. Edwin Nauhn and James S. Nauhn Jr. appeared in court October 16, 2014, and accepted adjournments in contemplation of dismissal.

38. As a result of the false arrest and excessive force used against them, Edwin Nauhn and James S. Nauhn Jr. received injuries in addition to pain, suffering, mental anguish, and humiliation.

39. As a result of defendant's use of excessive force against her, Dehyetti Nauhn was injured and experienced serious mental anguish and psychological trauma in addition to pain, suffering, and humiliation.

40. As a result of defendant's use of excessive force against them, Dorcas Nauhn, Beindu Nauhn, and James Nauhn Sr. experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
*(Against the individual defendants)*

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the individual defendants' conduct and actions in falsely arresting plaintiffs, arresting plaintiffs in retaliation for protected activity and the prior restraint of the same, utilizing

6

excessive force against plaintiffs, fabricating evidence against plaintiffs, warrantless entry under Payton v. New York, destroying evidence, taking property, abusing the criminal process, and by failing to intercede to prevent the complained of conduct by defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

43. As a result of the foregoing, plaintiffs were deprived of liberty, suffered physical pain and emotional distress, humiliation, loss of property, costs and expenses, and were otherwise damaged and injured.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**<u>VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS</u>**
*(Against the City of New York)*

44. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. Edenfield, P.O. More, P.O. Roemer, Sergeant Collins, P.O. D'Antonio, P.O. Collins, P.O. Foy, P.O. Grubert, P.O. Scarborough, and P.O. John Does 1-2, and failed to inform the individual

defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

47. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth and Fourteenth Amendments.

48. As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all Defendants*)

49. State Law Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the actions described above, defendants did inflict assault and battery upon State Law Plaintiffs. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to State Law Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is

liable to State Law Plaintiffs pursuant to the state common law doctrine of respondeat superior.

52. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM FOR RELIEF**
**FALSE ARREST AND FALSE IMPRISONMENT**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all Defendants*)

53. State Law Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested State Law Plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

55. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to State Law Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

57. As a result of the foregoing, State Law Plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF
## ABUSE OF PROCESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all Defendants*)

58. State Law Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the conduct and actions described above, the individual defendants employed regularly issued process against State Law Plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to State Law Plaintiffs, which was outside the legitimate ends of the process.

60. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to State Law Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to State Law Plaintiffs pursuant to the state common law doctrine of respondeat superior.

62. As a result of the foregoing, State Law Plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### SIXTH CLAIM FOR RELIEF
### TRESPASS
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all Defendants*)

63. State Law Plaintiffs incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64. The officer-defendants entered the apartment without any occupants' consent, without a warrant and without exigent circumstances, and unlawfully remained therein, thereby interfering with the State Law Plaintiffs' right of possession.

65. The conduct of the officer-defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to the plaintiffs pursuant to the state common law doctrine of *respondeat superior*.

66. The defendants' deprivations of State Law Plaintiffs' rights resulted in the injuries and damages set forth above.

### SEVENTH CLAIM FOR RELIEF
### TRESPASS TO CHATTELS
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all Defendants*)

67. State Law Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. The officer-defendants entered the apartment without any occupants' consent, without a warrant and without exigent circumstances, and unlawfully remained therein. The officer-defendants thereafter physically searched through State Law Plaintiffs' personal belongings,

including the contents of small drawers and containers, thereby interfering with the State Law Plaintiffs' right of possession.

69. The conduct of the officer-defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to the State Law Plaintiffs pursuant to the state common law doctrine of *respondeat superior*.

70. The defendants' deprivations of State Law Plaintiffs' rights resulted in the injuries and damages set forth above.

[this portion intentionally left blank]

## JURY DEMAND

71. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

WHEREFORE, plaintiffs demand judgment against the defendants individually and jointly and pray for relief as follows:

    a.    That they be compensated for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That they be awarded punitive damages against the individual defendants; and

    c.    That they be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:    New York, New York
April 26, 2016

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507